```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-20281-CIV-MORENO
                              MAGISTRATE P. A. WHITE
```

WILLIAM B. HOOD,                :

    Plaintiff,            :

v.                              :              REPORT OF
                                                                          MAGISTRATE JUDGE
FLORIDA DEPT. OF CORRECTIONS,
ET AL.,                         :

    Defendants.           :
_____

## I. Introduction

The pro-se plaintiff, William Hood, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), alleging the spraying of dangerous chemicals at his current place of incarceration, Jefferson Correctional Institution, and his prior place of incarceration, Everglades Correctional Institution. The plaintiff seeks injunctive relief. The plaintiff will be permitted to proceed in forma pauperis.

This Cause is before the Court for an initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915, referred to the Undersigned Magistrate Judge.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

* * *

(B) the action or appeal –

* * *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[1]

    B.  <u>Procedural History</u>

The plaintiff's initial complaint was filed on January 26, 2011. He named Londrem, the Warden at Jefferson Correctional Institution, Pichardo, the Warden at Everglades Institution, and Warden Willis. He alleges these institutions sprayed chemicals in his cell while he was doing legal work. He claims these chemicals cause eye, sinus and respiratory problems. He claims he was held in confinement at Everglades on "Bogus" charges, because he filed a complaint. He further contends he has been sprayed by correctional officers to "dumb me down". He claims the spray affects his short term memory, causes rapid body temperature changes, pneumonia and death. He seeks an injunction to stop the chemical spraying and provide him with a place to do his legal work. He further seeks an Order to prevent interference with his legal and personal mail, and to prohibit officials from putting drugs in his food.

The plaintiff sought to file an amended complaint, adding Assistant Warden Perkins, at Everglades. The motion was granted, in so far as the plaintiff was told to file one complete proposed amended complaint. He never filed a complete Proposed Amended Complaint, but instead, filed a pleading captioned Motion to entered case record, in which he requested five million dollars in damages from the Department of Corrections. This pleading was not considered a sufficient amended complaint.

He filed a motion to proceed <u>in forma pauperis</u> which was

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

denied without prejudice so the plaintiff could provide his six month prison account statement, as required by §1915 (a)and (b) as amended. The plaintiff has not responded.

C. Conclusions

At the outset it appears that the plaintiff may no longer be litigating this case. He has failed to file the amended complaint, and failed to comply with the Court's Order to file his prison account statement. It would ordinarily be recommended that this complaint be dismissed without prejudice for lack of prosecution.

However, review of the plaintiff's complaint reveals that it fails to state a claim. The plaintiff seeks only injunctive relief[2]. He is confined at the Jefferson Correctional Institution ("CI") in Jefferson County, Florida. Jefferson County is located in the Northern District of Florida. Therefore any injunctive relief must be sought in his place of confinement.

As to his claims for injunctive relief related to Everglades Correctional Institution, they are moot as the plaintiff is no longer confined in that Institution. Smith v Allen, 502 F.3d 1255, 1267 (11 Cir. 2007); Spears v Thigpen  846 F.2d 1327 (11 Cir. 1988)(Release or transfer of inmate generally moots claims for injunctive relief).

Lastly, it does not appear that the plaintiff's allegations are credible and the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. The

---

[2]His pleading seeking five million dollars is not considered as part of his complaint.

plaintiff's allegations of chemical spraying for the purpose of injuring him in multiple ways is simply not credible. Further, the plaintiff's allegation that these chemicals prevent him from working on his cases and thereby deny him access to the Courts fails to state a claim. To prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. <u>Jenkins v. Lane</u>, 977 F.2d 266, 268 (7 Cir. 1992), quoting <u>Shango v. Jurich</u>, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. <u>Martin v. Davies</u>, 917 F.2d 336, 338 (7 Cir. 1990), <u>cert. denied</u>, 501 U.S. 1208 (1991). The plaintiff has failed to demonstrate a claim of denial of access to the Courts.

III.   <u>Recommendation</u>

It is therefore recommended as follows:

1. The complaint shall be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 13th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   William B. Hood, Pro Se
      #704250
      Jefferson CI
      Address of record
```